# UNITED STATES DISTRICT COURT
Western District of Kentucky
Bowling Green Division

| | |
|---|---|
| Christonna Johnson <br> *Plaintiff* <br><br> v. <br><br> Taylor Auto Sales, Inc. <br> *Defendant* <br> Serve: <br>    Jeremy K. Griggs <br>    105 Valhalla Drive <br>    Glasgow, KY 42141 | Case No.   1:22-CV-68-GNS |

## COMPLAINT AND JURY TRIAL DEMAND

### INTRODUCTION

1. This is a complaint by Plaintiff Christonna Johnson against Defendant Taylor Auto Sales, Inc. for Defendant's violations of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA") and the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq.*; for breach of contract; for wrongful repossession; and for conversion.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 28 U.S.C. §1331; TILA, 15 U.S.C. §1640; and 28 U.S.C. §2201.

3. Plaintiff requests that the Court take supplemental jurisdiction over her state-law claims under 28 U.S.C. §1367.

4. Venue is proper because Plaintiff lives and resides in Barren County, Kentucky, and because the nucleus of relevant facts and events giving rise to Plaintiff's claims occurred in Barren County, Kentucky, which is located within this district.

### PARTIES

5. Plaintiff Christonnna Johnson is a natural person who resides in Barren County, Kentucky, a "person" within the meaning of the KCPA as defined at KRS 367.110(1), and a "consumer" within the meaning of TILA as defined at 15 U.S.C. §1602(i).

4. Defendant Taylor Auto Sales, Inc. ("Taylor Auto") is a Kentucky corporation registered with Kentucky Secretary of State whose principal place of business is located at 105 Valhalla Drive, Glasgow, KY 42141. Taylor Auto is a person within the meaning of the KCPA, KRS 367.110(1), and a "creditor" within the meaning of TILA, 15 U.S.C. §1602(g).

## STATEMENT OF FACTS

5. On or about April 1, 2022, Plaintiff Christonna Johnson ("Johnson") purchased a 2013 Nissan Altima (the "Altima") from Defendant Taylor Auto.

6. Taylor Auto also financed the sale of the Altima.

7. The sale and financing of the Altima constitutes a transaction in "trade" or "commerce" within the meaning of the KCPA.

8. The Retail Installment Contract and Security Agreement for the sale and financing of the Altima (the "RISC") called for 35 regular monthly payments of $380 beginning on May 15, 2022 with a final payment of $340.65 due on April 15, 2022. A true and accurate redacted copy of the RISC is filed as Exhibit "A."

9. The RISC also included a provision for a delayed down payment of $624.96 in the form of a pick-up note with four different due dates:

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $1,824.96 |
|---|---|---|---|---|
| 20.95 % | $ 3,647.67 | $ 9,992.98 | $ 14,265.61 | $ 15,465.61 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 35 | 380.00 | MONTHLY BEGINNING 5/15/22 |
| 1 | 340.65 | 4/15/25 |

INCLUDES PICK-UP NOTE OF $624.96, DUE: 4/08/22; 4/15/22; 4/22/22; 4/2

**Security:** You are giving a security interest in the Motor Vehicle purchased.
☒ **Late Charge.** If a payment is more than __10__ days late, you will be charged __4__ % of the unpaid amount of the payment due or $5, whichever is greater.
**Prepayment:** If you pay off this Contract early, you may be entitled to a refund of part of the Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.
**CREDIT INSURANCE:** Credit life, credit health (accident and

10. The deferred down payment of $624.96 is <u>not</u> included in the amount financed.

11. Taylor Auto required Ms. Johnson to sign an addendum to the RISC setting forth the dates and amounts of the pick-up note payment (the "RISC Addendum"). A true and accurate copy of the RISC Addendum is filed as Exhibit "B."

12. The RISC Addendum plainly violates Kentucky law. It provides:

**TAYLOR AUTO SALES, INC.**
270-678-7419

ADDENDUM # 1 TO INSTALLMENT SALES CONTRACT

STOCK #: ▮▮▮▮▮   Vehicle: 13 NISSAN ALTIMA
Date of Contract: 4/01/22   VIN: 1N4AL3AP1DN504516

Buyer's Name: CHRISTONNA JOHNSON
Cobuyer:
Home #:
Work #: ▮▮▮▮▮

The total down payment, referenced in the schedule of payments, includes pick-up note payments payable at the time and in the amounts indicated below.

| #  | Date     | Amount | #   | Amount |
|----|----------|--------|-----|--------|
| 1. | 4/08/22  | 156.24 | 6.  | N/A    |
| 2. | 4/15/22  | 156.24 | 7.  | N/A    |
| 3. | 4/22/22  | 156.24 | 8.  | N/A    |
| 4. | 4/29/22  | 156.24 | 9.  | N/A    |
| 5. |          | N/A    | 10. | N/A    |

All parties to the above referenced installment sales contract, by their signatures below, certify that they understand and accept this document to be legal and binding addendum to the installment sales contract. Any payments not made on time as agreed will result in immediate repossession and forfeiture of all money paid to date. You also agree to HOLD HARMLESS TAYLOR AUTO SALES, INC. in any attempts to collect this debt.

_[Signature]_   4/01/22
Buyers Signature

13. The RISC Addendum plainly violates the terms of the security agreement contained in the RISC and Ms. Johnson's rights under Kentucky's UCC laws.

14. Under the illegal terms of the RISC Addendum, the right of Ms. Johnson to redeem, right to notice of the post-repossession sale, and her legal interest in the secured property, the 2013 Nissan Altima are extinguished by the objective terms of the RISC Addendum.

15. Further, the "HOLD HARMLESS" provision of the RISC Addendum is unconscionable because it is essentially a confession of judgment by Ms. Johnson, which term is expressly prohibited by KRS 190.100(1)(c).

16. Under Kentucky law, Taylor Auto was required to promptly transfer title to the Altima to Ms. Johnson. KRS 186A.215.

17. As of the date of filing this complaint, Taylor Auto has not transferred title to the Altima to Ms. Johnson.

18. On April 21, 2022, Taylor Auto repossessed the Altima based on the alleged default of Ms. Johnson under the RISC Addendum.

19. The next day, April 22, 2021, Ms. Johnson went to Taylor prepared to pay the deferred part of the down payment to recover the Altima but Taylor refused to accept the payment.

20. Instead of accepting the deferred part of Ms Johnson's down payment, Taylor Auto insisted that Ms. Johnson pay the full amount due under the RISC in order to recover the Altima.

21. Taylor Auto did not return to Ms. Johnson that part of the down payment she had paid and which was not defferred.

22. On belief of Plaintiff, Taylor sold the Altima after repossession without giving Plaintiff Johnson the required notice of the sale and opportunity to cure.

23. Taylor Auto breached the RISC by failing to promptly transfer title for the Altima to Ms. Johnson as required by law.

24. Taylor Auto violated KRS 190.100(1)(c) by including the HOLD HARMLESS provision in the RISC Addendum, which renders the RISC void.

25. Taylor Auto violated the KCPA by engaging in grossly unfair, false, misleading, or deceptive acts or practices in the conduct in connection with the sale and financing of the sale of the Altima to Ms. Johnson and the repossession of the Altima.

26. Taylor Auto wrongfully repossessed the Altima from Ms. Johnson based on the void and unenforceable RISC Addendum.

27. Taylor Auto unlawfully and illegally converted the Altima to its own use and enjoyment, thereby committing conversion of the vehicle.

28. Taylor Auto violated TILA by failing to include the payment schedule in the TILA disclosure of the RISC.

## CLAIMS FOR RELIEF

**I.     Violations of the KCPA**

29. The foregoing acts and omissions of Defendant Taylor Auto violate the KCPA as alleged below.

30. The transaction between Taylor Auto and Plaintiff that resulted in the sale and financing of the 2013 Nissan Altima at issue constitutes "trade" and "commerce" within the meaning for the KCPA.

31. Ms. Johnson used the 2013 Nissan Altima exclusively for personal, family, and/or household purposes.

32. Taylor Auto requiring Ms. Johnson to agree to and sign the unlawful and unconscionable RISC Addendum was an unfair, false, misleading or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

33. Taylor Auto Repossessing the 2013 Nissan Altima in plain violation of Ms. Johnson's rights under Kentucky's UCC laws and in direct contravention of her legal and equitable interest in the 2013 Nissan Altima was an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

34. Taylor Auto Repossessing the 2013 Nissan Altima without returning Ms. Johnson's $1,200 down payment is an unfair, false, misleading or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

35. Plaintiff Johnson is a natural person within the meaning of the KCPA.

36. Plaintiff Johnson suffered real and ascertainable losses from Taylor Auto's violations of the KCPA.

37. Plaintiff Johnson has a claim against Taylor under KRS 367.220, which gives her the right to recover her ascertainable damages, plus her costs, plus reasonable attorney's fees, and punitive damages.

## II. Violations of TILA

38. The foregoing acts and omissions of Defendant Taylor Auto constitute violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.*, and its accompanying Regulation Z, 12 CFR §1026.1 *et seq.*

39. The sale of the 2013 Nissan Altima by Taylor Auto to Plaintiff Johnson via the RISC constitutes an extension of "credit" within the meaning of TILA.

40. The RISC prepared by Taylor Auto violates the requirements of TILA and Regulation Z as follows:

      a.      By failing to provide the full and complete payment schedule for the purchase of the 2013 Nissan Altima in the TILA disclosure of the RISC, *i.e.* failing to include the payment amounts of the deferred down payment in the RISC's Truth in Lending Disclosures. 12 C.F.R. § 1026.18(g).

41.     Because the acts and conduct of Taylor Auto, as alleged *supra,* violate TILA and Regulation Z, Taylor is liable to Plaintiff Johnson in the amount of twice the finance charge on the RISC or $2,000.00, whichever is less, actual damages to be established at trial, and attorney's fees and costs in accordance with 15 U.S.C. §1640.

### III. Voiding of Contract and Failure of Consideration

42.     The purported RISC contract between Taylor Auto and Plaintiff Johnson was void *ab initio* because the "HOLD HARMLESS" provision of the RISC Addendum renders the RISC void and unenforceable as a matter of Kentucky law.

43.     The purported RISC contract between Taylor Auto and Plaintiff Johnson is also void due to failure of consideration because Defendant Taylor Auto had an affirmative duty under Kentucky law to promptly transfer the title to the 2013 Nissan Altima to Plaintiff Johnson yet as of the date of filing this complaint, Taylor Auto has not transferred good title to Ms. Johnson.

### IV. Wrongful Repossession

44.     The foregoing acts and omissions of Defendant Taylor Auto constitute wrongful repossession since Taylor Auto repossessed the 2013 Nissan Altima pursuant to the void, unenforceable, and non-existent RISC Addendum.

45.     Taylor Auto's actions in repossessing the 2013 Nissan Altima were deliberate and intentional.

46.

47.     Taylor Auto's acts, as alleged *supra,* repossessing the 2013 Nissan Altima were in clear violation of Plaintiff Johnson's rights under Kentucky's UCC laws and her legal and equitable rights under Kentucky common law and statutory law.

### V. Conversion

48.     The foregoing acts and omissions of Defendant Taylor Auto Sales constitute conversion under Kentucky law in that, on April 21, 2022, Ms. Johnson had legal and lawful

possession of the 2013 Nissan Altima.

49. Taylor unlawfully repossessed the 2013 Nissan Altima in plain violation of Ms. Johnson's legal and contractual right to use and enjoy the vehicle.

50. Ms. Johnson demanded return of the 2013 Nissan Altima, which Taylor denied.

51. Ms. Johnson as Plaintiff has actual damages caused by Taylor's conversion of the 2013 Nissan Altima in that Ms. Johnson lost her job due to loss of the use of the vehicle and lost her $1,200 down payment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christonnna Johnson requests the Court grant her relief as follows.

1. Award Plaintiff the maximum statutory damages against Defendant pursuant to 15 U.S.C. §1640 for Defendant's violations of TILA;

2. Award Plaintiff her actual damages, inclusive of damages for Defendant's breach of contract, wrongful repossession of the 2013 Nissan Altima, and conversion of the 2013 Nissan Altima and of her $1,200 down payment;

3. Award Plaintiff punitive damages against Defendant pursuant to KRS 367.220 for Defendant's violations of the KCPA;

4. Award Plaintiff her attorney's fees, litigation expenses and costs;

5. A trial by jury; and

6. Any other relief to which Plaintiff may be entitled.

Submitted by:

/s/ James H. Lawson
James H. Lawson
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com